UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>MARLENE REANE BARTROP,<br>a/k/a MARLENE REANE<br>LOVENBERG<br><br>                Defendant. | Case No. 1:17-CR-00308-BLW-002<br><br>**REPORT AND RECOMMENDATION** |

On April 23, 2018, Defendant Marlene Reane Lovenberg appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 15), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

REPORT AND RECOMMENDATION - 1

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Defendant entered a plea of guilty to Count One, Distribution of Methamphetamine, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Because this is the type of offense described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, which subjects Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate under Section 3145(c). The Government deferred to the Court's determination regarding whether release would be allowed pending sentencing.

The Government made no initial motion for detention. On November 17, 2017, United States Magistrate Judge Ronald E. Bush released Defendant and issued an order setting strict conditions for her pretrial release. (Dkt. 25.) The conditions included a requirement for Defendant to seek and maintain employment, surrender her passport, refrain from any alcohol use, not possess any firearms, not use or possess controlled substances, particulate in treatment for substance abuse, report any law enforcement contact, and adhere to restrictions on her travel and associations.

Defendant has been compliant with the conditions of pretrial release. She has maintained communications with her probation officer, has maintained steady employment, and has provided no positive drug tests—maintaining sobriety for five

months. Based on the foregoing, Pretrial Services recommended Defendant's continued release pending sentencing. However, compliance with conditions of pretrial release is not itself an exceptional reason to grant pretrial release. The Court considered also the following factors: Defendant is currently serving the role of head of her household, as her husband is detained pending sentencing—she is the only available adult support figure for her 17-year old son who will graduate from high school in May and turn 18 in July. Additionally, her father is not able to fully assist her with household responsibilities, as he was diagnosed recently with a disabling cardiac disorder.

Upon consideration of the totality of the circumstances presented in this case, including the proposed conditions of release, Defendant's sustained compliance with pretrial release conditions, her role as head of the household, and caregiver for her son, and upon finding Defendant is not exceptionally likely to flee or cause a danger to the community if if release is continued, the Court recommends release be continued pending imposition of sentence.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Marlene Reane Lovenberg's plea of guilty to Count One of the Indictment (Dkt. 15),

2) The District Court order forfeiture consistent with Defendant Marlene Reane Lovenberg's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 15) and the Plea Agreement.

**REPORT AND RECOMMENDATION - 3**

3) The District Court continue Defendant's release pending sentencing, subject to standard and additional conditions previously set.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 24, 2018

Candy W. Dale
United States Magistrate Judge